LANDRIEU, J.,
concurs with reasons.
hi respectfully concur in the result reached by the majority but write separately on the issue of the defendant’s fourth assignment of error: whether the trial court erred in denying his motion for a new trial based on the fact that the defendant was tried without a jury when his waiver was not “by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial” in accordance with La. C.Cr.P. art. 782 B.
The facts on this issue are not in dispute. As stated by the majority, the docket master and minute entries from October 9, 2013 and December 6, 2013, respectively, reflect that defendant was present with counsel at his arraignment; that the trial court informed him of his right to a trial by judge or jury; and that defendant was present with counsel when “[t]he defendant elected a judge trial” The December 6, 2013 'entry clearly establishes that the defendant was in court with his counsel when his lawyer stated: “At this time, we *1266 are going to waive motions and also waive [sic] jury, and ask for a trial date for the judge’s first | {.available date in January.” This election of a trial by judge and waiver of a right to trial by jury was made timely, but it was not in writing.
Prior to June 17, 2013,.there was no statutory requirement that such a waiver be in writing. Oral waivers were routine. When courts were presented with issues related to whether the waiver of a right to jury trial was valid, courts engaged in an analysis of whether the waiver was “knowing and intelligent” as required by the Louisiana Constitution. In the 2013 legislative session, the legislature amended Code of Criminal Procedure article 780 B to provide that this waiver “shall be by written motion ...”
In this case, the trial court, in a motion for a new trial filed by the defendant, was called upon to consider whether the defendant was entitled to a new trial because his waiver, which was made after the effective date of the amendment, was not in writing. In denying the motion, the trial court stated that it would be an “absurd consequence” to read amended La. C.Cr.P. art. 780(B) in such a way as to require it to grant a new trial based on defendant’s failure “to reduce to writing what is already known to the court_” Id.
The majority affirms the trial court’s denial of the motion for a new trial and engages in an analysis, as did the trial court, of whether the defendant’s waiver was knowing and intelligent. In its analysis, the majority reviews a long line of cases decided before the-amendment which discuss the preferred method of obtaining a valid waiver:
The ■ preferred practice for obtaining a valid waiver of the right to trial by jury is for the trial court to advise the defendant personally on the record of his right to trial by jury and require him to waive the right personally, either in writing or by oral statement in open court on the record. State v. Miorana, 2014-0362, p. 3 (La.App. 4 Cir. 12/17/14), 166 So.3d 1214, 1216. The Louisiana Supreme Court noted in State v. Pierre, 2002-2666, p. 1 (La.3/28/03), 842 So.2d 321, 322, however, that “[although it remains the preferred method for the district court to advise a defendant of her right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily | .¡required.” “Whether or not there is an intelligent, competent, self-protecting waiver of the right to trial by jury depends upon the unique circumstances of each case.” Bazile, 2012-2243, p. 17, 144 So.3d at 733 (quoting Adams v. U.S. ex. rel. McCann, 317 U.S. 269, 278, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)).
I agree with the majority that in this case, the defendant’s waiver was knowing and intelligent. I note that we only reach this issue, however, after recognizing that the trial court erred in proceeding to trial without requiring the defendant to file a written motion waiving his right to a jury trial. Cases decided prior to the amendment to La. C.Cr.P. art. 780 B discussed the “preferred practice”- or “preferred method” for obtaining a valid waiver. The legislature has not provided us with a statutorily mandated procedure: “The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant’s counsel unless the defendant has waived his right to counsel.” La. C.Cr.P, art. 780 B.
Once the defendant has proceeded to a judge trial after orally waiving the jury and has been convicted, however, the trial court’s error in failing to require a written waiver must be subject to a “harmless *1267 error’-’ analysis. -, Otherwise, as the majority points out, the defendant could manipulate the system by knowing and intelligently waiving his right to a jury trial, but not put this election in a written motion in the hope of getting relief after trial in the event of a conviction. To determine whether the error was harmless, the court must inquire as to whether the oral waiver was made ; .knowingly and intelligently. The pre-amendment jurisprudence is instructive to this inquiry. If, as here, the record demonstrates that the defendant knowingly ' and. intelligently waived his right to a jury trial, the trial court’s error in failing to require a written waiver must be considered harmless.
[/The majority correctly affirms the trial court’s denial of the defendant’s motion for new trial because, despite the trial court’s error in failing to require a written motion, the defendant none the less knowingly and intelligently had waived his right to a jury trial. Accordingly, I respectfully concur in the majority’s finding that this error was harmless.